WATSON ET AL. *v.* BOBB CHEVROLET CO., INC.

(No. 37454—Decided January 7, 1974.)

Franklin County Municipal Court.

*Mr. Kingston E. Malley, Jr.,* for plaintiffs.
*Mr. William N. Postlewaite,* for defendant.

FAIS, C. J.   The issue pending before the court is a request for summary judgment presented by the defendant Bobb Chevrolet Company, Inc.

The motion was argued orally but no additional sworn testimony was presented to the court at this time.   Affidavits of Carl Burgett and Steve Strunk had been previously filed. Steve Strunk is a "car jockey" at the defendant company and Carl Burgett is a "service writer" in the service department.   The sworn testimony of these two men is the only sworn testimony in the file.   The facts relating to the delivery of an automobile to the defendant company and what happened to the automobile as a result of its theft are not in dispute.

On September 27, 1973, at approximately 4:20 p. m., Jack Ditschle delivered a 1972 Malibu Chevelle to the defendant garage at 567 Livingston Avenue at Columbus.

An order was placed with defendant to repair the front stabilizer rods and bushings.   The automobile was to be repaired and was to be redelivered to the owner the following day.   The car was removed from the service depart-

ment within ten minutes of its delivery and parked in close proximity to the door of the body shop of the defendant company. This property was owned by the defendant company. A copy of the work order was on the front seat of the car and the keys were left in the ignition. The car was moved by Steve Strunk, "the car jockey." The car was found to be missing at approximately 5:00 p. m. on the day in question, namely, September 27, 1973. Steve Strunk "assumed" that another "car jockey" had moved the car to the service department or into the body shop.

The car was next seen early in the morning of September 28, 1973, and reportedly the car had been stolen by a third party from the defendant's lot. It is also undisputed that this car was involved in an automobile accident on September 28, 1973 at the intersection of Seventeenth Avenue and Hamilton Avenue. The plaintiff, Sherman Watson, was involved in this accident. The plaintiffs claim that the defendant company is liable to them in damages because it was negligent by leaving the car unattended, with keys in the ignition, in an area which had a "high potential" for cars being stolen by juveniles. The plaintiffs claim "foreseeability" of such a result "was strong." Defendant maintains it was not negligent and that the keys were left in the car to expedite its moving from one area to another during the time that it was in its custody. The defendant claims that it had no knowledge of the "high potential" of crime, that is to say, that juvenile joy riders frequented the area.

The court observes that there was no sworn testimony to indicate the character of the neighborhood or the potential for cars being stolen from the defendant's property. On the motion for summary judgment, this court has no evidence before it regarding "the dangerous character of the neighborhood in which the car lot was located." There is also no evidence before this court indicating previous history of cars being stolen from this car lot. The character of the inhabitants of the neighborhood is also not established by sworn testimony of witnesses either before the court or in form of affidavits.

The plaintiffs further contend that "special circum-

6

stances" distinguish the instant case from the ruling of *Ross* v. *Nutt* (1964), 177 Ohio St. 113. Plaintiffs contend that it was foreseeable by the defendant that the car left on the lot unattended and with the keys in the ignition, would be stolen by a "minor under sixteen years of age without a driver's license." The issue therefore is should the defendant automobile dealer, in whose custody the automobile was placed, reasonably have foreseen and anticipated that the automobile, unattended and unlocked (with keys in the ignition) on said defendant's parking lot, would be stolen, and further, that it would be operated in a negligent manner by the thief—tortfeasor—so as to result in injuries to a third party.

It would appear that the proximate cause of the injuries and damages in the instant case was the negligent act of the thief, and assuming the defendant was negligent, how far does the law go in extending liability at the present time? An examination of the present prevailing law in Ohio, which includes the decision in the *Ross* case, definitely indicates a new and indifferent force will break the claim of causation, and relieve a negligent party (defendant) from liability under the facts and circumstances of the present case.

The decision in the *Ross* case appears to be the law of Ohio and this court would be reluctant to vary or rule contrary to this Supreme Court decision. The *Ross* case was decided in 1964 and this court recognizes that in nine years the Supreme Court could very well alter and change its position on such cases, especially, since the theft of automobiles is becoming so prevalent and such activities present a high potentiality for accidents and resulting damages and injuries.

However, based upon the sworn testimony in the file, the holding in the *Ross* case and recognizing the realm of reason not to affix liability to a bailee under the conditions of this case, this court is compelled to sustain the defendant garage owner's motion for summary judgment.

Wherefore, the motion for summary judgment on behalf of defendant is sustained.

*Motion sustained.*